# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ARCH COAL, INC.,**
**Employer Below, Petitioner**

**vs.) No. 23-ICA-458**  (JCN: 2019009524)

**DAVID WOOLUM,**
**Claimant Below, Respondent**

**FILED**
**February 8, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Arch Coal, Inc.[1] ("Arch") appeals the September 14, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent David Woolum filed a response.[2] Arch did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Woolum an additional 10% permanent partial disability ("PPD") award, and instead granting him an additional 15% PPD award for a total of 25% PPD in the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Woolum's date of last exposure is October 14, 2018. Mr. Woolum was granted a 10% PPD award in 2019 based on the findings of the Occupational Pneumoconiosis ("OP") Board dated February 26, 2019. On February 23, 2021, Mr. Woolum was admitted to Tug Valley Appalachian Regional Healthcare due to cough, congestion, fever, and shortness of breath. Mr. Woolum subsequently tested positive for COVID-19. A chest x-

---

[1] For reasons not readily apparent in the appendix record, the petitioner's counsel has substituted "Mingo Logan Coal, LLC," for the employer that was identified below as "Arch Coal, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, 247 W. Va. 367, 369 n.1, 880 S.E.2d 89, 91 n.1 (2022), we use the name of the employer as designated in the order on appeal: "Arch Coal, Inc."

[2] Arch is represented by T. Jonathan Cook, Esq. Mr. Woolum is represented by Donald C. Wandling, Esq.

1

ray was performed on February 26, 2021, revealing mild hazy infiltrates in both infrahilar regions consistent with COVID-19.

On July 1, 2021, the OP Board released findings in which it determined that Mr. Woolum had 50% impairment, but only 20% of the impairment was related to his OP diagnosis. The OP Board's findings noted that chest x-rays from 2019 and 2021 revealed mild nodular fibrosis, consistent with OP. A final hearing was held on July 19, 2023. The OP Board physicians testified that in 2019, Mr. Woolum had a diffusion of 66% of the predicted value, but it dropped in 2021 to 46%. They further testified that the chest x-rays reviewed revealed some progression of OP. According to the OP Board, the impact of Mr. Woolum's COVID-19 diagnosis on his pulmonary impairment is unknown. Further, the OP Board noted that Mr. Woolum was taking prednisone when it examined him and this can negatively impact the results of pulmonary function studies. After considering all of this information, the OP Board increased its recommendation to 25% impairment related to OP, due to the progression of the disease, and that the remaining 25% impairment was associated with Mr. Woolum's non-OP diagnoses.

On September 10, 2021, the claim administrator granted an additional 10% PPD award. On September 14, 2023, the Board reversed the claim administrator's order, which granted Mr. Woolum an additional 10% PPD award, and instead granted him an additional 15% PPD award, for a total PPD award of 25% in the claim. The Board found that the OP Board's findings were not clearly wrong and, therefore, Mr. Woolum was entitled to a 25% PPD award. Arch filed a motion for reconsideration of the Board's order on September 20, 2023, after discovering treatment records from Lexington Clinic dated August 4, 2023. On October 12, 2023, the Board denied this motion. Arch now appeals the Board's September 14, 2023, order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

2

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Arch argues that the instant case should be remanded following its discovery of evidence that was not submitted to or considered by the Board. We disagree.

Here, the Board found that the OP Board was not clearly wrong in its determination that Mr. Woolum had an additional 15% PPD for a total of 25% impairment related to OP out of a total of 50% overall pulmonary impairment. The Board noted that the OP Board considered Mr. Woolum's medical history and apportioned 25% of his impairment to non-occupational factors. Ultimately the Board granted Mr. Woolum an additional 15% PPD in the claim (for a total of 25% PPD in the claim) based on the OP Board's findings.

Upon review, we conclude that the Board did not err in determining that Arch failed to establish that the OP Board was clearly wrong. We note that the statute cited by Arch as the mechanism for the Court to remand the instant case, West Virginia Code § 23-5-12a(d),[3] is generally used to remand an issue to the Board where there was a procedural or other error that merits reopening the record of the case for further evidentiary development. We decline to extend the use of this statute solely to allow Arch to have a second chance in front of the Board after it failed to submit evidence already available to it. We find that Arch's assertion that the OP Board's findings and the Board's order "**may** be affected by misinformation and an inaccurate medical history" is not a sufficient basis, under the circumstances of the instant case, to remand for further evidentiary development.

Accordingly, we affirm the Board's September 14, 2023, order.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

---

[3] West Virginia Code § 23-5-12a(d) provides: Instead of affirming, reversing, or modifying the decision of the Workers' Compensation Board of Review, the Intermediate Court of Appeals may, upon motion of any party or upon its own motion, for good cause shown, to be set forth in the order of the court, remand the case to the Board of Review for the taking of such new, additional, or further evidence as in the opinion of the court considers necessary for a full and complete development of the facts of the case.

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear